**Edward L. CLINE, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, As Designee of Elizabeth Dole, Secretary of Labor, Respondent.**

No. 90–1159.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1990.

Decided Oct. 18, 1990.

I. John Rossi, Des Moines, Iowa, for petitioner.

Paul L. Frieden, Washington, D.C., for respondent.

Before JOHN R. GIBSON, Circuit Judge, and ROSS and HENLEY, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

On November 11, 1974, claimant filed an application for black lung benefits with the United States Department of Labor (Department), which was repeatedly denied by the Department. Administrative Law Judge (ALJ) Robert S. Amery then conducted a formal hearing and issued a Decision and Order on August 24, 1983, denying benefits. The claimant did not appeal this decision, but instead, within the time period prescribed in 20 C.F.R. § 725.310(a), filed a request for modification of that decision. On November 30, 1989, the Benefits Review Board (Board) affirmed the ALJ's decision.

The record contains two medical reports that were admitted by ALJ Amery. First, Dr. Briney examined the claimant at the behest of the Department on March 4, 1976, and diagnosed claimant as having a mild to moderate chronic obstructive pulmonary disease, arteriosclerotic heart disease, angina pectoris and status post coronary bypass. Dr. Briney did not comment upon the etiology of the diagnosed conditions. However, on February 18, 1980, Dr. Briney stated that after reviewing his notes concerning the 1976 examination, it was his "opinion that the patient's current cardiopulmonary problems have no relationship to his coal mining employment four decades ago."

Dr. Tannen then examined the claimant in October 1979 and diagnosed a combination of pulmonary disease, coronary artery disease and peripheral vascular disease. He stated that mining, furnace repair, welding and smoking were the major contributors to the claimant's pulmonary problem. Dr. Tannen concluded that there was no proof that the disease was caused at least in part by coal mine work. Dr. Tannen opined that "[i]f Mr. Cline did work 16 years in mining it would be hard to disregard its well-known risk factors."

Based on this medical evidence, Judge Amery credited claimant with eight years of coal mine employment and found that claimant had established the existence of pneumoconiosis and a totally disabling respiratory or pulmonary impairment. Judge Amery concluded, however, that the claimant had failed to demonstrate that his impairment was due to either pneumoconiosis or coal mine employment, and accordingly denied benefits.

Next, in support of his request for modification, the claimant submitted a letter dated October 7, 1986 from Dr. Phelan, whose opinion differed from Dr. Tannen's with respect to the length of the claimant's coal mine employment. Dr. Phelan noted that the claimant had worked as a coal miner for approximately four to five years. He diagnosed moderate obstructive lung disease and stated that the claimant did not have any other industrial dust exposure that could have caused the lung disease. Dr. Phelan stated that the "findings would be consistent with that of someone exposed to silica that is found in coal dust."

Upon Cline's timely motion for modification, the ALJ reconsidered both the length of claimant's coal mine employment and the causation issue in light of the new evidence submitted by the parties. The ALJ discredited Dr. Phelan's etiological conclusions because they were expressed equivocally and because the doctor failed to take into account other potential occupational dust exposure incurred by Cline. Consequently, the ALJ concluded that Cline's failure to establish that his pulmonary disease was related to his coal mine employment also precluded entitlement pursuant to 20 C.F.R. § 410.490(b). Accordingly, benefits were again denied. The claimant then appealed that decision to the Benefits Review Board. In an unpublished Decision and Order dated November 30, 1989, the Board affirmed the ALJ's denial of benefits.

■ The Board is required to affirm an ALJ's factual findings if they are supported by substantial evidence. Our review of the Board's decision is similarly limited to scrutinizing for errors of law and for adherence to the substantial evidence standard. *Consolidation Coal Co. v. Hage*, 908 F.2d 393, 394 (8th Cir.1990). In light of this standard, we conclude that the ALJ's decision, based on the record before him and as presented to us, is supported by

substantial evidence. Accordingly we affirm the Board's decision based on the record heretofore established.

Cline also argues, however, that the medical report of Dr. Briney dated February 18, 1980, does not address pneumoconiosis. The report only states that the "patient's current cardiopulmonary problems have no relationship to his coal mining employment of four decades ago."

█ The Department of Labor has the initial duty to develop evidence pertinent to a claim by providing a living miner with a complete pulmonary examination. 30 U.S.C. § 923(b); 20 C.F.R. §§ 725.405(b), 718.101. As this court has held in *Newman v. Director, OWCP*, 745 F.2d 1162, 1166 (8th Cir.1984), the Department has not fulfilled its statutory duty of providing a complete pulmonary evaluation if the record contains no credible medical opinion addressing a necessary element of a claimant's entitlement.

Here, Dr. Briney's pulmonary evaluation of Cline was the only evaluation provided at the behest of the Department. The Director agrees with the claimant that Dr. Briney's conclusions with respect to the etiology of the claimant's impairment were not based upon sufficient documentation. Dr. Briney diagnosed Cline's condition without the benefit of a chest X-ray interpretation. Thus, the incomplete examination had the effect of making the diagnosis unreasoned. The X-ray which was taken on the day Dr. Briney examined Cline was interpreted positively by the Department's qualified reader. However, Dr. Briney failed to base his diagnosis upon any X-ray interpretations, as required by 20 C.F.R. § 718.104.

The Director admits, therefore, that since Dr. Briney's medical opinion is incomplete, the Department has failed to meet its duty of providing the claimant with a complete and credible examination. To rectify this shortcoming, we now remand to the Board for the purpose of allowing an ALJ to hold an evidentiary hearing at which Dr. Briney

will be asked to assume that the X-ray evidence is positive, and then, based upon the claimant's work history, Dr. Briney should be asked to comment upon the etiology of claimant's pneumoconiosis. In addition, the ALJ is directed to consider any other relevant medical evidence which Cline's attorney cares to introduce.[1] The hearing by the ALJ and the review by the Board should be completed and certified to this court within six months from the date of this Order. We retain jurisdiction of this appeal.

---

1. Apparently the attorney for the claimant sought to introduce other medical evidence, but because the ALJ ruled that the evidence was not marked properly, the evidence was not admitted.